| M<small>ICHAEL</small> J. R<small>EDENBURG</small>, E<small>SQ</small>. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>150 Broadway, Suite 808<br>New York, NY 10038<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DAVID SIERRA,**<br><br>                              **Plaintiff,**<br>v.<br><br>**THE CITY OF NEW YORK and NYPD Officers Rashawn Holman (Shield#25579)(Tax ID#950594) and Ikenna Akobundu (Shield # 20076) individually and in their official capacities.**<br><br>                              **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:14-CV-0754 (RRM)(VMS) |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD Officers Rashawn Holman and Ikenna Akobundu, alleging that defendants violated his rights under 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for Rashawn Holman's and Ikenna Akobundu's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff David Sierra ("Plaintiff" or "Mr. Sierra") is a resident of Queens County in the City and State of New York.

6. Plaintiff David Sierra is a twenty six (26) year old man without any criminal record.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Rashawn Holman and Ikenna Akobundu are members of the New York City Police Department ("NYPD") who were so employed on January 25, 2014. Rashawn Holman and Ikenna Akobundu were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Rashawn Holman and Ikenna Akobundu are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. The Incident which is the subject of the instant Complaint took place in the early morning of January 25, 2014, at or about 2AM and in the vicinity of the Roosevelt Avenue/74th Street, New York City Subway Station.

10. At the above mentioned time and in the above-mentioned place, Plaintiff was lawfully present along with his brother Jose and Jose's boyfriend, Andrew.

11. At the above mentioned time and in the above-mentioned place, Jose and Andrew were holding hands and walking with Plaintiff.

12. Plaintiff was ascending the stairs within the subway station and walked past two NYPD officers; Plaintiff's brother and his brother's boyfriend were behind him.

13. Once Plaintiff passed the two NYPD officers, he heard the officers query of his brother, in sum and substance, "Is that your girlfriend?" apparently questioning Plaintiff's brother about Plaintiff's brother's boyfriend, Andrew, in a derogatory manner.

14. Plaintiff then turned around to see what was going on and asked the officers, in sum and substance, "What happened to the courtesy, professionalism and respect?"

15. In retaliation for Plaintiff's query, Plaintiff was pushed from behind by NYPD Officer Ikenna Akobundu and then grabbed by the arm by NYPD Officer Rashawn Holman.

16. Next, NYPD Officer Rashawn Holman forcefully threw Plaintiff to the floor of the subway station and began to grind Plaintiff's head into the concrete platform.

17. Plaintiff had no weapons or contraband on his person.

18. Plaintiff was subsequently handcuffed and transported to an NYPD Transit Precinct.

19. Once at the Precinct, EMS tended to Plaintiff's facial wounds, which he suffered at the hands of NYPD Officer Rashawn Holman, which included cuts to his nose and abrasions on his forehead and which resulted in bleeding.

20. Thereafter, Plaintiff was transported to Queens Criminal Court where he awaited arraignment.

21. At his Criminal Court arraignment, Plaintiff learned that he had been charged with violating NY PL§§205.30 and 240.20, Resisting Arrest and Disorderly Conduct.

22. At arraignment, the matter was adjourned in contemplation of dismissal.

23. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and facial wounds – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. NYPD Officers Ikenna Akobundu and Rashawn Holman violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

27. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and facial wounds – all to his detriment.

## SECOND CLAIM
*False Arrest*

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. NYPD Officers Ikenna Akobundu and Rashawn Holman violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
*Failure to Intervene*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. NYPD Officers Ikenna Akobundu and Rashawn Holman were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

33. Accordingly, NYPD Officers Ikenna Akobundu and Rashawn Holman who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. NYPD Officers Ikenna Akobundu and Rashawn Holman violated the Fourth and Fourteenth Amendments when Officer Ikenna Akobundu physically assaulted David

Sierra by pushing him from behind, Officer Rashawn Holman grabbed him by the arm and Officer Rashawn Holman forcefully threw Plaintiff to the floor of the subway station and began to grind Plaintiff's head into the concrete platform which caused Plaintiff to suffer cuts to his nose and abrasions to his forehead which resulted in bleeding. This degree of force was unreasonable because it was not necessary under the circumstances especially in light of the fact that Plaintiff was unarmed at the time he was so assaulted by NYPD Officers Ikenna Akobundu and Rashawn Holman.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the injuries and damages hereinbefore alleged.

## FIFTH CLAIM
## FIRST AMENDMENT RETALIATION

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated Plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendant NYPD Officers' Ikenna Akobundu and Rashawn Holman's actions were taken in retaliation for Plaintiff's exercising his First Amendment rights.

40. As a consequence of the individual defendants' actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and

6

apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First-Amendment protected activities.

41. As a direct and proximate cause of the individual defendants' unlawful actions, Plaintiff has suffered damages including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, suffered facial wounds and damage to his reputation.

## SIXTH CLAIM
### *MONELL CLAIM*

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

44. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

45. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

46. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive

force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

47. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

48. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

49. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

50. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

51. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

52. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

53. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

9

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.


Dated: June 12, 2014
      New York, NY

                                     **s/Michael J. Redenburg**
                                     Michael J. Redenburg (NY #MR4662)
                                     MICHAEL J. REDENBURG, ESQ. PC
                                     150 Broadway, Suite 808
                                     New York, NY 10038
                                     mredenburg@mjrlaw-ny.com
                                     1-212-240-9465 (Phone)
                                     1-917-591-1667 (Fax)